IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ALLAN W. DALTON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action Number |
| | ) | 16-00753-CV-W-JTM |
| NANCY BERRYHILL, ACTING COMMISSIONER | ) | |
| OF THE SOCIAL SECURITY ADMININSTRATION, | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Allan Dalton ("Dalton") was previously awarded benefits by the Social Security Administration ("SSA") in 2000 and thereafter received benefit payments. However, in 2013, Dalton entered a plea agreement in a criminal case, *United States v. Dalton*, Case No. 13-00311-CR-W-FJG (W.D. Mo.), agreeing to plead guilty to Theft of Government Money and therein admitting that he was engaged in substantial gainful employment from June 2004 to June 2011 (and, thus, was not eligible to receive Social Security benefits). On May 8, 2014, the Court accepted Dalton's plead and adjudged him guilty.

Three weeks later, on May 28, 2014, Dalton filed a new application with SSA for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.* In his new application, Dalton alleged a disability onset date of April 1, 2010. Dalton's eligibility for Title II expired on June 30, 2010. As a consequence, to obtain an award of Title II benefits, Dalton had to establish that he was "disabled" (*i.e,*, incapable of substantial gainful employment) during a very narrow "eligibility window" -- between the date he alleged his disability began (April 1, 2010) and the date his eligibility for Title II benefits expired (June 30,

2010). This entire time period was covered by Dalton's admission that he was substantially gainfully employed between 2004 to June 2011. On July 13, 2015, an administrative law judge[1] with SSA ("the ALJ") dismissed Dalton's claim for Title II benefits under the doctrine of *res judicata*. The ALJ reasoned:

> The record reflects that [Dalton's] date last insured had already passed by June 2011 when he no longer admitted to working at substantial gainful employment levels. Since [Dalton's] actual date last insured was well before the period covered by the claimant's plea agreement, the matter of whether [Dalton] would be entitled to a period of disability and disability insurance benefits has already been determined.

Dalton now appeals to this Court the ALJ's dismissal of his claim for Title II benefits.

SSA, as an agency of the federal government, is immune from suit unless it waives its sovereign immunity and consents to be sued. To that end, Congress may prescribe the procedures and conditions under which judicial review of administrative orders may be obtained. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336, 78 S.Ct. 1209, 1218 (1958). With respect to judicial review of Social Security administrative decisions, the <u>exclusive</u>[2] jurisdictional basis for such judicial review is provided for and limited by 42 U.S.C. § 405(g), (h).

> Any individual, after any <u>final decision</u> of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . . <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>.

42 U.S.C.A. § 405(g), (h) (*emphasis added*).

---

[1] The Honorable Carol L. Boorady.

[2] The Supreme Court has found that there is no general federal question jurisdiction for Social Security disability benefits claims. *Heckler v. Ringer*, 466 U.S. 602, 614-15, 104 S.Ct. 2013, 2021-22 (1984); *Mathews v. Eldridge*, 424 U.S. 323, 327, 96 S.Ct. 893, 899 (1976).

With regard to the requirement of a "final decision," federal courts have concluded that a dismissal based on *res judicata* is <u>not</u> subject to judicial review under Section 405. *See*, *e.g.*, *Califano v. Sanders*, 430 U.S. 99, 103, 97 S. Ct. 980, 983 (1977); *Rumsey v. Barnhart*, 50 Fed. Appx. 789, 790 (8th Cir. 2002); *Douglas v. Barnhart*, 35 Fed. Appx. 295 (8th Cir. 2002) ("42 U.S.C. § 405(g) does not allow judicial review of decisions to dismiss claims based on *res judicata*."). The Eighth Circuit has recognized only two exceptions to the non-reviewability of *res judicata* dismissals – (1) when SSA reopens an earlier determination as a matter of administrative discretion, or (2) when an aggrieved party presents a colorable constitutional claim. *Id*. Dalton does not advance either argument.

Instead, Dalton argues that the elements for *res judicata* are not present. Assuming without deciding that such an argument is even a proper consideration for this Court, Dalton is wrong. Application of administrative *res judicata*, for purposes of Social Security, requires:

(1) a previous determination or decision was made about the Social Security claimant's rights on the same facts and on the same issue or issues as are presented in the pending application for benefits, and

(2) the previous determination or decision has become final by either administrative or judicial action.

20 C.F.R. § 404.957(c)(1).

Dalton argues that the "previous determination" in this instance was not made by SSA and, as a result, there can be no *res judicata*. Indeed, the typical application of administrative *res judicata* involves a prior denial of benefits by SSA followed by a claimant's request that the prior denial be reopened as part of a new benefits application. That did not occur in this case. Instead, the "previous determination" relied upon by SSA was Dalton's own admission contained in his plea agreement in a case wherein Dalton was convicted of Theft of Government Money, *i.e.*, Dalton was illegally receiving SSA benefits while engaged in substantial gainful employment.

3

In that criminal case, Dalton admitted that he was working between June 2004 and June 2011. Yet, with his most recent application for benefits, Dalton had to establish that he was unable to work beginning at some point between April 1, 2010 and June 30, 2010. As the ALJ correctly observed, in order for Dalton to be eligible for Title II benefits, SSA would have had to utterly ignore Dalton's own admission in his criminal case. In essence, Dalton seeks to collaterally attack and circumscribe his own plea agreement. The facts of this case may not present the usual scenario for application of administrative *res judicata*, but the Court has no doubt that the interests of fairness, justice and finality all weigh in favor of SSA.

> *Res judicata,* or claim preclusion, is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand. This rule reflects the need for courts to put an end to litigation. When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, he may not later renew the litigation in another court. Although *res judicata* is a rule of finality strictly enforced and liberally applied, it is moreover a rule of fundamental and substantial justice, of public policy and private peace, rather than a technical rule.

*Purter v. Heckler*, 771 F.2d 682, 689–90 (3d Cir. 1985) (citations and internal punctuation omitted).

Therefore, in accordance with the foregoing discussion, it is

**ORDERED** that *Defendant's Motion To Dismiss Plaintiff's Complaint,* [Doc 8] filed January 3, 2017 is **GRANTED** and Dalton's appeal is hereby **DISMISSED**.

    */s/ John T. Maughmer*
    **John T. Maughmer**
    **United States Magistrate Judge**